**UNITED STATES of America,**
**Appellee,**

v.

**Darryl HENDERSON, Defendant,**

v.

**Charod Becton, aka Fams,**
**Defendant–Appellant.**

No. 02–1717.

United States Court of Appeals,
Second Circuit.

Jan. 23, 2003.

Robert Koppelman, New York, NY, for Appellant.

Daniel M. Gitner, U.S. Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

PRESENT: FEINBERG, F.I. PARKER, and STRAUB, Circuit Judges.

SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE,

OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 23rd day of January, Two Thousand and Three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said district court be and it hereby is AFFIRMED.

Defendant-appellant Charod Becton appeals from the November 8 and 19, 2002 orders of the United States District Court for the Southern District of New York (Michael B. Mukasey, *Judge* ), revoking his bail and ordering his continued detention.

We review the district court's revocation of bail and factual determination that the defendant is a flight risk for clear error, but if the court does not formally review the statutory factors in reaching its conclusion, we apply a more flexible standard. *See United States v. Jackson,* 823 F.2d 4, 5–6 (2d Cir.1987).

Becton argues that (1) because his conspiracy indictment was based on the same overt acts as his earlier indictment, under 18 U.S.C. § 3142(f), the government lacked the necessary new information and changed circumstances to reopen his bail proceeding; and (2) the district court did not engage in sufficient "written fact-finding" as required in 18 U.S.C. § 3142(i) to demonstrate appropriate consideration of the statutory factors.

Under 18 U.S.C. § 3142(a), when a person is charged in a superceding indictment, a new detention proceeding is appropriate in light of the changed circumstances and new factors. In this case, the presumption regarding flight risk has changed because Becton now faces a ten-year mandatory minimum sentence. "Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act." 18 U.S.C. § 3142(e). Thus, because of the government's proffer regarding its murder investigation of Becton and his new conspiracy charge, the circumstances have changed sufficiently to justify a new bail hearing.

In *United States v. Jackson,* we affirmed a detention in the absence of a written statement from the court indicating its consideration of the statutory factors and fact-finding, when a defendant facing a ten-year mandatory minimum had not sufficiently rebutted that statutory presumption of a flight risk and the government's proffer was compelling. 823 F.2d at 6. Here, the detention order cites the "reasons set forth in open court" as the basis for detention and although not listed in the order, those reasons are evident from the record and sufficient to justify Becton's continued detention, even under our more flexible standard of review.

The judgment of the district court is AFFIRMED.